IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHRISSY BALLANCE,

    Plaintiff

v.                                                                                                C.A. No.: 3:17-cv-895

WAXAHACHIE ARCHITECTURAL SALVAGE, LLC, and,
BRAD YATES,

    Defendants.
_____/

## **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHRISSY BALLANCE, by and through her undersigned counsel, hereby sues Defendants, WAXAHACHIE ARCHITECTURAL SALVAGE, LLC, and BRAD YATES, and in support thereof states as follows:

## **BACKGROUND FACTS**

1. In September of 2016, Plaintiff, CHRISSY BALLANCE, began working for Defendant, WAXAHACHIE ARCHITECTURAL SALVAGE, LLC. Plaintiff's original arrangement was that she would perform some restoration services for Defendant and in exchange the Defendant would allow Plaintiff to display and sell some of her personal items and Defendant would pay Plaintiff the funds received for the sale of her personal items.

2. Defendant, WAXAHACHIE ARCHITECTURAL SALVAGE, LLC, provides all manner of 1800 to 1950's architectural materials to contractors and

individuals. Defendant, WAXAHACHIE ARCHITECTURAL SALVAGE, LLC, its goods via a website and social media.

3. In or about December of 2016, the then-manager, Billy Williams, WAXAHACHIE ARCHITECTURAL SALVAGE, LLC, had a heart attack and was hospitalized for an extend period of time.

4. Beginning January 3, 2017, Plaintiff began performing additional work for Defendant, WAXAHACHIE ARCHITECTURAL SALVAGE, LLC, due to the business being short staffed.

5. Plaintiff's duties after January 3, 2017, included the regular and recurring use of the channels of interstate commerce, e.g., processing credit/debit cards, answering telephone calls, handling the mail, handling e-mail, marketing for Defendant, WAXAHACHIE ARCHITECTURAL SALVAGE, LLC, on its website (http://www.architecturalsalvagetx.com/) and social media sites, e.g., facebook (https://www.facebook.com/wasalvagepros). Plaintiff also prepared vendor agreements for Defendant to utilize for its vendors.

6. Defendant, BRAD YATES, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, WAXAHACHIE ARCHITECTURAL SALVAGE, LLC, in relationship to Plaintiff.

7. Defendant, BRAD YATES, is an owner of Defendant, WAXAHACHIE ARCHITECTURAL SALVAGE, LLC.

8. Defendant, BRAD YATES, had knowledge of Plaintiff's work and accepted the benefits of Plaintiff's work. Defendant, BRAD YATES, would visit the business at least once a week and would thank the Plaintiff for her work and assure her that her work did not go unnoticed.

9. On January 9, 2017, Defendant, WAXAHACHIE ARCHITECTURAL SALVAGE, LLC's General Manager, Robert Bowman, left on January 9th, 2017 to Indiana for several weeks. Plaintiff worked to cover Mr. Bowman's absence. Between January 9, 2017, and February 4, 2017, Plaintiff worked 25 hours per workweek.

10. Chris Smith was also employed" by the Defendant during the same time period set forth in the preceding paragraph. Mr. Smith was employed by Defendants to do the manual labor such as moving bricks to the brick yard, unloading trucks of wood to the racks in the salvage etc. He was often times at Defendants' "wood yard," as separate and district location away from Defendants' retail store. Mr. Smith was often absent due to car trouble or unable to attend work due to community service he had to perform after his release from jail. This often left Plaintiff as the only employee at the business.

11. On or about February 8, 2017, Robert Bowman, the manager, held an employee meeting with Chris Smith, Greyson Yates,[1] and the Plaintiff. During this

---
[1] Greyson Yates is the son of Defendant, BRAD YATES.

meeting Mr. Bowman told the afore-mentioned attendees that he was in complete control of the business and all decisions were to be made by him with the approval of Defendant, BRAD YATES. Mr. Bowman further stated that Defendant, BRAD YATES, did not want to be "bothered" with anything to do with the business and they were not to contact Defendant, BRAD YATES, regarding pay or any other matter. Chris Smith spoke up with his concerns about this announcement, but Greyson Yates assured everyone that Defendant, BRAD YATES, had left all decision making with regard to the business operations to Robert Bowman.

12. On February 8, 2016, Plaintiff and Robert Bowman had a discussion wherein it was agreed that Plaintiff would work for the Defendants 25 hours per week and would be paid $300.00 per week for her work. The agreement was to be effective for the workweek beginning on February 4, 2017. It was also agreed that Plaintiff would continue to be paid for the personal items that she displayed, but were sold by the Defendants.

13. In accordance with the agreement referred to in the preceding paragraph, and in reliance upon the representations made by Robert Bowman set forth in the preceding paragraph, Plaintiff continued to work for Defendants and operate their business.

14. During the initial four (4) weeks of Plaintiff's employment with Defendants, Plaintiff worked approximately 25 hours per workweek. During the

last three weeks of her employment with the Defendants, Plaintiff worked approximately 25 hours per workweek.

15. On February 24, 2017, Plaintiff made demand for her pay and made demand for the monies owed to her for her personal items that had been sold by the Defendants. Defendants refused to pay the Plaintiff, terminated her employment and told her "good luck getting paid."

## COUNT I
## MINIMUM WAGE UNDER FLSA

16. Plaintiff, CHRISSY BALLANCE, re-alleges and incorporates herein paragraphs 1-15, *supra*.

17. This is an action for minimum wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

18. Plaintiff, CHRISSY BALLANCE, is an individual residing in Waxahatchee, Texas.

19. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1337, and by 29 U.S.C. § 216(b).

20. Venue is proper in this district under 28 U.S.C. § 1391.

21. Defendant, WAXAHACHIE ARCHITECTURAL SALVAGE, LLC, is a corporation formed and existing under the laws of the state of Texas and maintains offices in Ellis County, Texas.

22. Defendants have employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiffs were employed.

23. At all times material to this complaint, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

24. At all times material to this complaint, Defendant, WAXAHACHIE ARCHITECTURAL SALVAGE, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s). Specifically, Defendants' employees handle and utilized goods that were manufactured outside of the state of Texas for use in interstate commerce. Moreover, Defendant's goods are marketed worldwide through the use of the channels of interstate commerce, e.g., the internet.

25. Plaintiff was individually engaged in commerce and produced goods for commerce and her work was directly and vitally related to the functioning of Defendants' business activities. Thus, throughout her employment, Plaintiff was individually covered under the FLSA.

26. At all times material to this complaint, Defendant, BRAD YATES, operated a business in Ellis County, Texas, and Plaintiff's claims herein arose in Ellis County, Texas.

27. At all times material hereto, Defendant, BRAD YATES, (1) possessed the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedule or conditions of employment, (3) determined the Plaintiff's rate and method of payment, (4) maintained Plaintiff's employment records; and, (5) possessed the decision making power to pay overtime owed to Plaintiff and other employees. Thus, Defendant, BRAD YATES, was an "employer" as defined by 29 U.S.C. § 203(d).

28. Plaintiff worked for Defendants from January 3, 2017, until February 24, 2017, but was not paid the then-current minimum wage of $7.25 per hour. In fact, Plaintiff was never paid for her work.

29. Defendants failed to act in good faith and/or reasonably in her efforts to comply with the FLSA; thus, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

30. Defendants have willfully failed to pay Plaintiff minimum wages. Defendants either knew, or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

31. The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of minimum wage compensation.

32. As a result of Defendant's unlawful conduct, Plaintiff, CHRISSY BALLANCE, is entitled to actual and compensatory damages, including the amount of minimum wages which were not paid, but should have been paid.

33. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, CHRISSY BALLANCE, demand Judgment, jointly and severally, against Defendants, WAXAHACHIE ARCHITECTURAL SALVAGE, LLC, and BRAD YATES, for the following:

   a. Unpaid minimum wages found to be due and owing;

   b. An additional amount equal to the amount of unpaid minimum wage found to be due and owing as liquidated damages;

   c. Prejudgment interest in the event liquidated damages are not awarded;

   d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

   e. For any such other relief as the Court may find proper, whether at law or in equity.

## COUNT II
## TEXAS MINIMUM WAGE ACT

34. Plaintiff, CHRISSY BALLANCE, re-alleges and incorporates herein paragraphs 1-15, 18, and 20-28, *supra*.

35. This is an action for violation of the Texas Minimum Wage Act, TEX. LABOR CODE § 62 ("TMWA"), to recover unpaid minimum wages, liquidated damages, and attorney's fees and costs owed to Plaintiff by Defendants.

36. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a).

37. Defendants are subject to the TMWA because, during all times relevant to this Complaint, they both qualified under TEX. LABOR CODE § 62.002(6) as employers because they were persons acting directly or indirectly in the interest of an employer in relation to an employee. Defendants were substantially in control of the terms and conditions of the Plaintiff's work in Ellis County. Defendants directed Plaintiff in the performance of her duties. Defendants handled or caused to be handled various human resources functions, had the ability to hire and/or fire employees, and at all times acted as Plaintiff's "employer." Plaintiff qualifies as an employee because she was an individual employed by Defendants since she was permitted to work.

38. The TMWA requires an employer to pay each employee the federal minimum wage of $7.25 per hour worked under the Fair Labor Standards Act of 138, 29 U.S.C. § 206.

39. Defendants acted willfully and in conscious disregard of the law and of Plaintiff's rights under the TMWA.

40. As a result of the unlawful conduct of Defendants, Plaintiff is entitled to recover from Defendants actual and compensatory damages, including all unpaid minimum wages owed to Plaintiff.

41. Under the provisions of the TMWA, TEX. LABOR CODE § 62.201, Defendants are liable to Plaintiff not only for unpaid minimum wages but also for an additional equal amount as liquidated damages.

42. Under the provisions of the TMWA, TEX. LABOR CODE § 62.205, Plaintiff is entitled to compensation from Defendants of the out-of-pocket expenses and costs of court she has incurred and will incur in this action and reasonable attorney's fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, CHRISSY BALLANCE, demand Judgment, jointly and severally, against Defendants, WAXAHACHIE ARCHITECTURAL SALVAGE, LLC, and BRAD YATES, for the following:

a. Unpaid minimum wages found to be due and owing;

b. An additional amount equal to the amount of unpaid minimum wage found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of

pocket expenses incurred by bringing this action pursuant to TEX. LABOR CODE § 62.205 and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.  For any such other relief as the Court may find proper, whether at law or in equity.

## COUNT III
## BREACH OF CONTRACT

43.  Plaintiff, CHRISSY BALLANCE, re-alleges and incorporates herein paragraphs 1-13, 16, and 19, *supra*.

44.  This is an action for breach of contract.

45.  In accordance with the verbal contracts reached between the Plaintiff and Defendants, Defendants were was to (1) pay Plaintiff the funds received for the sale of her personal items; and, (2) pay Plaintiff $300.00 per week between February 4, 2017, and February 24, 2017.

46.  Defendants breach the verbal contracts by refusing to pay Plaintiff as agreed.

47.  Plaintiff has been damaged in the amount of $731.08 for the sale of her personal items and $1,200.00 for the unpaid wages she accrued between February 4, 2017, and February 24, 2017.

48.  WHEREFORE, PREMISES CONSIDERED, Plaintiff, CHRISSY BALLANCE, demand Judgment, jointly and severally, against Defendants, WAXAHACHIE ARCHITECTURAL SALVAGE, LLC, and BRAD YATES, for

the following:

   a. Unpaid damages wages found to be due and owing;

   b. Prejudgment interest;

   d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to Rule 54(d) of the Federal Rules of Civil Procedure; and,

   e. For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, CHRISSY BALLANCE, demands a jury trial on all issues so triable.

Respectfully submitted March 30, 2017.

                                        **ROSS LAW GROUP**

                                        _____
                                        **CHARLES L. SCALISE**
                                        Texas Bar No. 24064621
                                        Attorney-in-Charge
                                        1104 San Antonio Street
                                        Austin, Texas 78701
                                        (512) 474-7677 Telephone
                                        (512) 474-5306 Facsimile
                                        Charles@rosslawgroup.com
                                        Attorneys for Plaintiff

# VERIFICATION

      I, CHRISSY BALLANCE, Plaintiff in this action, have read the above and foregoing Verified Complaint and Demand for Jury Trial and the factual statements contained herein are within my personal knowledge, and under penalty of perjury that the foregoing is true and correct.

*Chrissy Ballance*
_____
CHRISSY BALLANCE, Plaintiff

EXECUTED on this the 29 day of March, 2017